USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/2023

**MEMO ENDORSED**

**Memorandum Endorsement**

*Blue Elephant Financing LLC v. Citadel Recovery Services, LLC*
7:22-CV-02937 (NSR)

The Court has reviewed Defendant's attached letter motion seeking leave to file a motion to stay (ECF No. 10) and Plaintiff's attached letter response (ECF No. 15). The Court waives the pre-motion conference requirement and grants Defendant leave to file its motion pursuant to the following briefing schedule:

(1) Defendant's moving papers are to be served (not filed) on May 19, 2023;
(2) Plaintiff's opposition papers are to be served (not filed) on June 20, 2023; and
(3) Defendant's reply papers are to be served on July 5, 2023.

All motion papers are to be filed by the parties on the reply date, July 5, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served per this Court's local emergency civil rules. The Clerk of Court is directed to terminate the motion at ECF No. 10.

Dated: April 19, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



5 Penn Plaza
23rd Floor
New York, New York 10001
www.fmglaw.com

**Justin Boron**
Partner
———————
Writer's Direct Access
215.789.4919
———————
justin.boron@fmglaw.com

October 25, 2022

*VIA ECF FILING*
Judge Nelson Stephen Román
United States District Court
Southern District of New York

**REQUEST FOR PRE-MOTION CONFERENCE**

   **RE:** *Blue Elephant Financing LLC v. Citadel Recovery Services, LLC*
      Case No. 7:22-CV-02937

Dear Judge Román,

We represent Defendant Citadel Recovery Services, LLC ("CRS") in the above referenced action and write to request a pre-motion conference in advance of filing a motion to stay this proceeding pending the resolution of an interpleader action regarding the same property at issue in the present case, *CRSC, LLC v. Blue Elephant Financing, et al.,* No. 2:22-cv-01315, presently pending in the Eastern District of Louisiana. In that action, CRS made an interpleader deposit of $1,366,181.91 on July 20, 2022. Those funds are the same funds at issue in this action. But they are subject to several competing claims.

**Legal Merit**

Although this Court has broad discretion over the proceedings before it, the facts below weigh in favor of granting a stay in favor of the interpleader. *See Sotheyby's, Inc. v. Sandra H. Garcia & Republic of the Philippines*, 802 F.Supp. 1058 (S.D.N.Y. 1992). CRS's motion has merit. It requests that the Court schedule a pre-motion conference so that it may answer any of the Court's questions or address any issues raised by Plaintiff in response to this request. For the Court's benefit, below is a brief account of the underlying facts related to the need for a stay of this action.

**Contracting Parties**

This action stems from recovery and cleanup efforts in the U.S. Virgin Islands after the hurricanes experienced in the Caribbean in 2017. The Virgin Islands Housing Finance Authority ("VIHFA") contracted with prime contractor AECOM Caribe, LLP ("AECOM" or the "Prime Contractor") to assist with a Federal Emergency Management Agency ("FEMA") recovery program. Prime Contractor AECOM contracted with CRSC as a sub-prime contractor. CRSC entered into subcontracts with G&B Roofing, Inc. ("G&B") and Agency Project Management, LLC ("APM"). Plaintiff in this action is Blue Elephant Financing ("Blue Elephant"), which provided factoring financial services to G&B.

**Competing Claims to Funds**

Under the subcontract with AECOM, CRSC received funds from AECOM in August 2020, March 2021, and July 2021. CRSC, G&B, Blue Elephant, CRSC issued a payment to Blue Elephant for $600,099.61. In February 2022, CRSC received another payment in the amount of $1,366,181.91 (the "Funds"). CRSC is prepared to issue payment to its subcontractors; however, there are several pending lawsuits raising a question as to who should receive the Funds, and in what amount. CRSC is aware of the following pending lawsuits containing conflicting allegations as to the ownership and amount of the Funds:

   a. This present action in the Southern District of New York.
   b. *Sugar Bay Club & Resort Corp. v. Agency Project Management, LLC, et al.*, No. 2022-11774, pending in the 22nd Judicial District Court of St. Tammany, Louisiana seeking to enforce a default judgment against Defendant APM in the Superior Court of the Virgin Islands.
   c. *Putting Green Earth Engineer Services Corporation v. Citadel Recovery Services, LLC, et al.*, pending in the Commonwealth Court of Puerto Rico, claiming that Defendant Green Earth is the successor company to APM and that the Funds should be released to it.

This Court should defer to the interpleader action pending in the Eastern District of Louisiana; otherwise, CRS will be subject to multiple lawsuits and be at risk of multiple liability or inconsistent obligations." *Great Wall de Venezuela C.A. v. Interaudi Bank*, 117 F.Supp.3d 474, 482 (S.D.N.Y. 2015).

             **FREEMAN, MATHIS, & GARY LLP**

          Sincerely,

            */s/ Justin Boron*
            Justin Boron, Esq.
            *Attorneys for Defendant Citadel Recovery Services*



SEYMOUR J. REISMAN
DAVID H. PEIREZ *
JEROME REISMAN
MICHAEL J. ANGELO
JOSEPH CAPOBIANCO

GLENN S. FORSTNER °

* MEMBER NY AND FL BAR
° MEMBER NY AND NJ BAR

**REISMAN PEIREZ REISMAN & CAPOBIANCO LLP**

1305 FRANKLIN AVENUE
SUITE 270
GARDEN CITY, NEW YORK 11530
PHONE (516) 746-7799 | FAX (516) 742-4946
WWW.REISMANPEIREZ.COM

Direct E-Mail:
JReisman@reismanpeirez.com

SENIOR COUNSEL
HON. JOHN B. RIORDAN
NASSAU COUNTY SURROGATE
(2001-2010)

DANIEL PALMIERI
RETIRED NYS SUPREME COURT
JUSTICE

October 28, 2022

**Via ECF Filing**
Honorable Nelson Stephen Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

          **Re: Blue Elephant Financing LLC v Citadel Recovery Services, LLC**
          **Case No. 7:22-CV-02937**

Dear Judge Román:

        We represent plaintiff Blue Elephant Financing LLC ("Plaintiff") in this action and submit this letter in opposition to the request of defendant Citadel Recovery Services, LLC ("Defendant") for a pre-motion conference to file a motion to stay this action.

        It is respectfully submitted that any motion to stay this action pending the resolution of an interpleader action pending in the Eastern District of Louisiana (*CRSC, LLC v Blue Elephant Financing, et al.*, No. 2:22-CV-01315, the "Interpleader Action") is meritless. As such, a conference is unnecessary.

        On April 8, 2022, Plaintiff commenced this action seeking, *inter alia*, a judgment against Defendant in the sum of $2,794,072.048 based on Defendant's breach of sixteen (16) separate Estoppel Letters. On May 12, 2022, *i.e.*, approximately five (5) weeks after the commencement of this action, Defendant filed the Interpleader Action in an obvious effort to avoid the jurisdiction of this Court by depositing $1,366,181.91 (the "Interpleader Deposit"), which Defendant's counsel alleges "are the same funds at issue in this action".

REISMAN PEIREZ REISMAN & CAPOBIANCO LLP

Honorable Nelson Stephen Román
October 28, 2022
Page 2


As a threshold matter, each Estoppel Letter contains a representation from Defendant affirming that "there are not now, nor will there be, any claims, setoffs or defenses to the Invoice Amounts" purchased by Plaintiff. Thus, each Estoppel Letter establishes that Defendant has no defense to Plaintiff's claims and bars Defendant from now claiming that competing claims to the Interpleader Deposit should serve to stay this action.

Clearly, Defendant is engaging in forum shopping. In this regard, the terms of each of the sixteen Estoppel Letters signed by Defendant (a) provide that "the laws of the state of New York" govern all disputes pertaining to the Estoppel Letters and (b) designate the state of New York as the exclusive jurisdiction and venue for any legal actions. Accordingly, there is no basis for the Court in the Interpleader Action to make any determination concerning Plaintiff's claims or the funds acknowledged by Defendant's counsel to be "at issue in this action".

Additionally, Plaintiff's claim of $2,794,072.048, together with interest and attorneys' fees, is substantially more than the Interpleader Deposit of $1,366,181.91. Indeed, Moore's Federal Practice instructs that, in order to satisfy the requirements for subject matter jurisdiction, "the stakeholder must post a bond for or deposit the highest amount claimed by any of the claimants, even if that amount exceeds that which the stakeholder contends is at issue". (*See* 4-22 Moore's Federal Practice – Civil § 22.04(6)[b]) Therefore, since Plaintiff cannot be fully paid from the Interpleader Deposit, and Defendant has additional liability to Plaintiff over and above any amounts deposited in the Interpleader Action, the Interpleader Action is procedurally defective. These glaring deficiencies alone demonstrate that Defendant's attempts to stay this action are a mere delaying tactic.

Finally, a review of the complaint in the Interpleader Action filed by Defendant in Louisiana confirms that it substantively without merit as well. Specifically, the complaint in the Interpleader Action does not properly identify the source of funds comprising the Interpleader Deposit and only generically states that "certain creditors" may have claims to this money.[1] Defendant's interpleader complaint is legally insufficient as it does nothing more than simply state that the claimants it has joined as defendants may be entitled to the Interpleader Deposit. (*See Auto Parts Mfg. Mississippi,*

---

[1] As set forth above, this claim is at odds with the statement of its counsel that the Interpleader Deposit is "the same funds at issue in this action".

REISMAN PEIREZ REISMAN & CAPOBIANCO LLP

Honorable Nelson Stephen Román
October 28, 2022
Page 3

*Inc. v. King Const. of Houston, LLC,* 782 F.3d 186, 192 [5th Cir. 2015]). Remarkably, Defendant also purports to assert its own claim to the Interpleader Deposit. In other words, Defendant is clearly seeking to utilize the Interpleader Action to avoid paying its creditors and seeks, without any apparent justification, to satisfy its own claims from the fund.

      Based on the foregoing, because Defendant cannot establish a legal or factual basis to stay this action, it is respectfully submitted that a pre-motion conference is not required and Defendant should be compelled to answer Plaintiff's complaint.

                                       Respectfully submitted

                                       Jerome Reisman

JR/226770
cc: All Counsel by ECF